## 53120. EALEY v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of burglary and appeals to this court.

1. The first enumeration of error raises the issue of alleged denial of a speedy trial. The record fails to show that a proper request for trial was filed, nor is anything indicated that a delay, if any, was purposeful, oppressive or prejudicial. *Hughes v. State,* 228 Ga. 593 (187 SE2d 135). Therefore, this enumeration is without merit.

2. This court considers the second enumeration of

error to be more serious. Defendant contends that the trial judge failed to charge on a presumption of innocence with which defendant enters his trial and that this presumption remains with him. We agree. "The failure of a trial judge in a criminal case to charge the jury to the effect that the defendant enters upon his trial with a presumption of innocence in his favor, and that this presumption remains with him, in the nature of evidence, until rebutted by proof satisfying the jury of his guilt to the exclusion of reasonable doubt, is error requiring the grant of a new trial.

"The presumption of innocence is affirmative proof in behalf of one accused of crime, and places upon the prosecution the burden of rebutting it by proof which shall satisfy the jury of the defendant's guilt beyond a reasonable doubt. The term 'presumption of innocence' is not synonymous with 'reasonable doubt of guilt.' The presumption refers to a substantive right, which is in the nature of evidence, and the phrase 'reasonable doubt' applies to a mental condition when there is an absence, of the degree of proof necessary to produce mental conviction." *Butts v. State,* 13 Ga. App. 274 (1, 2) (79 SE 87). See also *Payne v. State,* 233 Ga. 294, 309 (3) (210 SE2d 775); *Moon v. State,* 136 Ga. App. 905 (1) (222 SE2d 635); Code Ann. § 26-501.

The state contends that such failure to charge is harmless error. We cannot accept this contention. This presumption is a fundamental protection afforded an accused and is based upon an established principle of common law.

It was not necessary to object to such omission in the charge since Code Ann. § 70-207 (a) does not apply to criminal cases nor does the record show an express waiver of the right of objection to the charge as given, even if, arguendo, a waiver would preclude defendant from raising this issue. On this question, see *Thomas v. State,* 234 Ga. 615 (216 SE2d 859), where the Supreme Court in reply to a certified question from this court held that even an express waiver would not prevent consideration of an enumeration of error on this contention in the appellate court.

*Judgment reversed. Quillian, P. J., and Stolz, J.,*

*concur.*

SUBMITTED JANUARY 10, 1977 — DECIDED JANUARY 26, 1977.

*Harrison, Jolles, Miller & Bush, Charles F. Miller, Jr.,* for appellant.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.