## 33253. FOSTER v. THE STATE.

BOWLES, Justice.

The appellant, Marcus C. Foster, was indicted, tried and convicted for the murder of Lee Marshall Carver, receiving a life sentence for the offense. He appeals following the denial of his motion for new trial.

1. Appellant contends that the trial court erred in denying his motion for a new trial on the general grounds. We have reviewed the transcript and find that the evidence adequately supports the verdict rendered by the jury.

2. Appellant contends that the trial court erred in refusing to strike, for cause, a prospective juror.

The juror, Mr. Julius Abel, was the owner and proprietor of the funeral home which handled the funeral arrangements for the victim. Appellant made a motion to excuse this juror for cause on the basis of his having witnessed the victim's autopsy and having handled the victim's funeral arrangements. The motion was denied, thus allowing this juror to remain on the panel. The juror, however, was subsequently peremptorily challenged by appellant.

Appellant contends that as a result of the court's refusal to disqualify this juror for cause, prior to his being peremptorily challenged, appellant was not presented with an unbiased panel of jurors from which to select, and,

therefore, was forced to exercise one of his twenty peremptory challenges.

"In general, where it does not affirmatively appear from the record that a party had exhausted his peremptory challenges at the time the full panel of jurors was accepted and sworn, the appellate court will presume that he was not prejudiced by the action of the court in erroneously disallowing his challenge for cause, and will not grant a reversal for the alleged error." *Ethridge v. State,* 163 Ga. 186, 191 (136 SE 72) (1926); *Faulkner v. State,* 166 Ga. 645 (6) (144 SE 193) (1928); *Bland v. State,* 210 Ga. 100 (78 SE2d 51) (1953); *Robinson v. Murray,* 198 Ga. 690 (32 SE2d 496) (1944); *Ford v. State,* 12 Ga. App. 288 (2) (76 SE 1079) (1912). Thus, if a challenge is made and improperly overruled by the court, but the juror so challenged for cause does not serve because subsequently struck by the complaining party, such ruling by the court is not error unless it appears that the party had to exhaust his peremptory challenges in order to strike that juror.

Since it does not appear that appellant was compelled to exhaust his peremptory challenges for the purpose of striking the challenged juror, we find no error.

However, even when considered on its merits, there was no error in the trial court's refusal to disqualify this juror for cause. Appellant's motion to exclude the juror was based upon grounds of "his having witnessed the autopsy in his place of business . . . and . . . the fact that he handled the funeral arrangements for the family . . .", thus rendering him unable to give a fair and just verdict in the case. These do not constitute grounds for disqualifying a juror for cause. Code Ann. §§ 59-804, 59-806 and 59-807.

3. The defendant contends that the trial court erred in instructing the jury on the manner in which they should deliberate this case, and, in encouraging the jurors to change their opinions to conform to the opinions that other jurors may maintain.

The trial court charged the jury that "[Y]our initial conduct upon entering the juryroom is a matter of importance. It is not wise to express a determination to insist upon a certain verdict. If your sense of pride is aroused you may hesitate to change your position even if

you decide you are wrong. Consult with one another and consider each other's views. Each of you must decide this case for yourself, but you should do so only after a discussion and consideration of the case with your fellow jurors. Do not hesitate to change an opinion if convinced it is wrong. However, you should not surrender honest convictions or opinions in order to be congenial or reach a verdict solely because of the opinions of other jurors."

The trial court charged verbatim number 1-9 of the criminal pattern jury instructions as approved by the Council of Superior Court Judges.

As we read the charge the trial court instructed each jury member to decide the case for himself, after discussion with fellow jurors. The court expressly stated that jury members should not surrender their honest convictions or opinions in reaching a verdict. We find no error in the charge and, therefore, appellant's enumeration of error is without merit.

4. Appellant enumerates as error the trial court's failure to charge that the state had the burden of proving the defendant's guilt beyond a reasonable doubt; failure to charge the definition of "reasonable doubt"; and, failure to charge on the presumption of innocence.

In reviewing the charge we find that the trial court adequately charged the jury that the state had the burden of proving each essential element of the crime beyond a reasonable doubt. Although the court did not incorporate the definition of "reasonable doubt" in the charge, these words are of such obvious significance that an omission to define them does not constitute error. *Oliver v. State,* 239 Ga. 571 (238 SE2d 346) (1977); *Jackson v. State,* 225 Ga. 553 (170 SE2d 281) (1969); *Hammond v. State,* 212 Ga. 186 (91 SE2d 615) (1956); *Elder v. State,* 143 Ga. 383 (85 SE 197) (1915).

We find, however, upon reading the charge, that the trial court did not, in any manner, charge that the defendant is presumed innocent until proven guilty. "The failure of a trial judge in a criminal case to charge the jury to the effect that the defendant enters upon his trial with a presumption of innocence in his favor, and that this presumption remains with him, in the nature of evidence, until rebutted by proof satisfying the jury of his guilt to

the exclusion of reasonable doubt, is error requiring the grant of a new trial." *Ealey v. State,* 141 Ga. App. 94, 95 (232 SE2d 620) (1977); *Kelly v. State,* 204 Ga. 239 (49 SE2d 489) (1948). See also *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974). The trial court erred in not charging the presumption of innocence, and, therefore, for this reason, the appellant's conviction must be reversed.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED FEBRUARY 3, 1978 — DECIDED FEBRUARY 28, 1978.

*Rogers & McCranie, Clauye C. McCranie, Walters, Davis, Ellis & Smith, J. Harvey Davis,* for appellant.

*Thomas H. Pittman, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.