## 55700. REAVES v. THE STATE.

BANKE, Judge.

The appellant, Ken Reaves, and a co-defendant, Bob Huff, were convicted of criminal attempt to commit armed robbery. At the time of the offense the appellant was employed as a detective with the Tifton Police Department.

The evidence shows that during the waning hours of November 7, 1976, an employee of a McDonald's

restaurant in Tifton was confronted outside the back door of the restaurant by a man wearing a ski mask and holding a flashy object in his hand. The employee ran back inside the building, closed the door and called the police. The masked man disappeared.

A police officer responding to the employee's call noticed the appellant driving his detective car in the vicinity of the restaurant and reported the incident to him. Seated with the appellant in his car was a person named Warren Wall. The appellant offered to take over the investigation, and the other officer returned to the police station.

Warren Wall testified for the state that he and appellant Reaves had made elaborate plans to conduct a series of robberies in Tifton in order to alleviate their severe monetary problems. Wall stated that Reaves educated him with regard to the police radio code and gave him a copy of the burglar alarm system code for the city. He also stated that they met with three other persons, namely, Willie Ross, Tommy Parks, and co-defendant Bob Huff, in a search for a suitable "stick-up man." Both Ross and Parks backed out after initially agreeing to conduct the robberies. Huff, however, went through with the plan.

Wall and Reaves picked up Huff on the night of November 7, described to him their plan to rob the McDonald's, furnished him with a ski mask and a bulletless pistol, and let him out in the vicinity of the restaurant. Wall stated that he observed the aforementioned employee close the back door in Huff's face and that he also witnessed an unsuccessful attempt by Huff to reopen it. At that point, Wall and Reaves fled in the car, and Huff fled on foot.

Wall's testimony was closely corroborated by the testimony of Huff, Willie Ross, and Tommy Parks, as well as by the transcript of a taped conversation between Reaves, Wall, and an undercover GBI agent.

1. The appellant contends that he was entitled to a directed verdict because the only evidence that Huff had actually attempted to enter the restaurant, a fact specifically alleged in the indictment as being a "substantial step" toward the commission of the robbery, was the uncorroborated testimony of an accomplice (Wall)

to that effect.

"The law specifically lays down the rule that if the accomplice is *corroborated in material parts of his testimony*, then he may be believed by the jury as to other material parts as to which there is no corroboration." *Pitts v. State,* 128 Ga. App. 434, 435 (197 SE2d 495) (1974). This rule is qualified by the rule that "insofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime." *West v. State,* 232 Ga. 861, 865 (209 SE2d 195) (1974). See *Boggus v. State,* 136 Ga. App. 917 (7) (222 SE2d 686) (1975). See generally Code § 38-121. However, the qualification does not apply in this case, since there is an overwhelming supply of evidence connecting the appellant with the crime. Accordingly, Wall's testimony was sufficient by itself to show that Huff actually attempted to enter the building.

It was not error to deny the motion for directed verdict, nor was it error to overrule the general grounds of the motion for new trial.

2. The trial judge did not abuse his discretion in refusing to grant a severance on the ground that the defenses of the two defendants were antagonistic, the appellant contending that he was engaged in undercover police work and Huff contending that he did not intend actually to go through with the robbery. "The mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. [Cit.] A showing of harm is necessary. [Cit.]" *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975).

The appellant's only showing of harm consists of his allegations that the two defense counsel often disagreed and clashed and that evidence which was inadmissible against one defendant was often admitted against the other, leaving the record in confusion. However, we are cited to no instances in the record where either situation occurred. Furthermore, we have not been made aware of any evidence which the appellant was prevented from introducing in his own behalf because of the fact that Huff was also on trial. For these reasons, the appellant has not met his burden of showing harm, and the trial court's

exercise of discretion in denying the severance will not be disturbed on appeal. See generally Code Ann. § 27-2101.

3. It was not error to refuse to grant a continuance to obtain the presence of a subpoenaed witness in the absence of a statement as to "the facts expected to be proved by such absent witness." Code Ann. § 81-1410. See *Harrison v. State,* 140 Ga. App. 296 (3) (231 SE2d 809) (1976); *Corbin v. State,* 212 Ga. 231 (1) (91 SE2d 764) (1956).

4. It was not error to admit a record of police walkie-talkie checkouts kept by the Tifton Police Department over the objection that the witness who identified this record (the police chief) was not competent to identify it as a business record. See *Huff v. State,* 141 Ga. App. 66 (2) (232 SE2d 403) (1977). See also Code Ann. § 38-711.

5. It was not error to fail to charge on Code Ann. § 26-901 (b), which provides that justification may be claimed as a defense "when the person's conduct is in reasonable fulfillment of his duties as a government officer or employee . . ." The evidence did not give rise to a reasonable inference that the appellant's conduct was directed towards the goal of law enforcement.

6. The appellant enumerates as error the trial court's failure to charge the jury on the presumption of innocence.

"The failure of a trial judge in a criminal case to charge the jury to the effect that the defendant enters upon his trial with a presumption of innocence in his favor, and that this presumption remains with him, in the nature of evidence, until rebutted by proof satisfying the jury of his guilt to the exclusion of reasonable doubt, is error requiring the grant of a new trial.

"The presumption of innocence is affirmative proof in behalf of one accused of crime, and places upon the prosecution the burden of rebutting it by proof which shall satisfy the jury of the defendant's guilt beyond a reasonable doubt. The term 'presumption of innocence' is not synonymous with 'reasonable doubt of guilt.' The presumption refers to a substantive right, which is in the nature of evidence, and the phrase 'reasonable doubt' applies to a mental condition when there is an absence of

the degree of proof necessary to produce mental conviction." *Butts v. State,* 13 Ga. App. 274 (1, 2) (79 SE 87) (1913), as cited in *Ealey v. State,* 141 Ga. App. 94, 95 (232 SE2d 620) (1977). See *Foster v. State,* 240 Ga. 858 (4) (242 SE2d 600) (1978).

The right to be presumed innocent until proven guilty is one of the most fundamental rights held by an accused under our system of justice. It is indeed difficult to imagine a more serious omission from a charge to the jury in a criminal case. Cf. Taylor v. Kentucky, — U. S. — (98 SC 1930, 56 LE2d 468) (1978).

7. The court also erred in charging that a reasonable doubt as to guilt could be based on proof of good character, "regardless of whether or not there is any other evidence in the record upon which a reasonable doubt as to . . . guilt could be based . . ." This instruction can only be interpreted as meaning that a reasonable doubt must be created by evidence introduced at trial, whereas, of course, a reasonable doubt as to the accused's guilt may rest solely upon the presumption of innocence.

8. In the absence of a proper request, it was not error to fail to charge that accomplice Wall's testimony must be corroborated, since his testimony alone was not relied upon to prove the case. See *Martin v. State,* 132 Ga. App. 658 (4) (209 SE2d 103) (1974). Accord, *Maddox v. State,* 136 Ga. App. 370 (4) (221 SE2d 231) (1975).

9. It was not error to charge that the appellant's plea of not guilty was not evidence, since this statement was accompanied by a charge that the indictment was not evidence, either.

10. The court's charge regarding the defense of abandonment of intent was burden shifting and, therefore, erroneous. See *State v. Moore,* 237 Ga. 269 (1) (227 SE2d 241) (1976). However, since it applied only to co-defendant Huff, the error was harmless as to the appellant.

11. The remaining enumerations do not show reversible error and are directed to matters which are unlikely to occur upon retrial of the case.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

Argued April 4, 1978 — Decided June 23, 1978.

*Allen & Kelley, Roy Benton Allen, Jr.,* for appellant.
*Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.