## 56232. TABB v. THE STATE.

BELL, Chief Judge.

The defendant-appellant and his sister were indicted for the murder of the latter's husband. The defendant-appellant was convicted of voluntary manslaughter. A mistrial was declared as to the co-defendant sister. *Held:*

1. While testifying in her own behalf, the co-defendant sister stated without objection that her husband had whipped her children sometime prior. When asked to describe how he had whipped, the trial court sustained the state's objection. This testimony was apparently offered to show that deceased was a violent person and that defendants would have reason to fear him. Be that as it may, proof of general character for violence cannot be shown by specific acts. *Black v. State,* 230 Ga. 614 (198 SE2d 314). This evidence was therefore inadmissible as it falls within this rule.

2. The co-defendant sister was also not permitted to describe in her testimony the details of a prior robbery

committed by her deceased husband. This testimony was also properly rejected under *Black v. State,* supra.

3. The defendant's remaining eight enumerations of error attack the trial court's refusal to give his requests to charge which generally dealt with justifiable homicide and the use of force in self-defense. There was no error. The jury was charged in accordance with Code § 26-902 (a) on the use of force in self-defense and on justifiable homicide. Defendant's requests were fairly covered by the court's charge.

4. The evidence authorized the appellant's conviction of voluntary manslaughter.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JUNE 27, 1978 — DECIDED OCTOBER 16, 1978 — REHEARING DENIED NOVEMBER 7, 1978.

*Gibbs, Leaphart & Smith, Alvin Leaphart,* for appellant.

*Glenn Thomas, Jr., District Attorney, John J. Ossick, Jr., Assistant District Attorney,* for appellee.