33780. FINNEY v. THE STATE.

MARSHALL, Justice.

The appellant and Johnny Westbrook were indicted for the murders and kidnappings with bodily injury of

Mrs. Ann Kaplan and Mrs. Thelma Kalish. They were tried separately and convicted. The appellant received the death penalty for the murder convictions and life imprisonment sentences for the kidnapping-with-bodily-injury convictions. His case is here on direct appeal and for mandatory review of the death sentences imposed.

The facts of this case are amply set out in *Westbrook v. State,* 242 Ga. 151 (1978), and need not be repeated here.

### *I. Enumerations of Error*

1. In Enumeration of error 1, the appellant argues that the trial court erred in charging the jury under Code Ann. § 27-2534.1 (c) (Ga. L. 1973, pp. 159, 163) that "the statutory instructions as determined by the trial judge to be warranted by the evidence shall be given in charge and in writing to the jury for its deliberation." The appellant contends that the charge amounted to an impermissible expression of opinion, in violation of Code § 81-1104, that the evidence warranted the jury in finding the aggravating circumstances given in this charge.

Viewing the charge as a whole, we do not believe that it amounted to an impermissible expression of opinion in the manner suggested by the appellant. The trial court instructed the jury that the defendant could not be sentenced to death unless the jury found at least one statutory aggravating circumstance to exist beyond a reasonable doubt and recommended that the death penalty be imposed. See Code Ann. §§ 26-3102 (Ga. L. 1968, pp. 1249, 1335, as amended); 27-2534.1 (c), supra. The statutory aggravating circumstances as found by the trial court to have been supported by the evidence were submitted to the jury, in accordance with Code Ann. § 27-2534.1 (b), in the form of possible verdicts. The trial court instructed the jury that "these forms are not meant to indicate anything to you in any way . . . they are there for you to make your determination and the court is not expressing any opinion one way or the other." This enumeration of error is without merit.

2. In Enumeration 2, the appellant argues that the trial court erred in excusing a prospective juror for cause without further questioning her after she had indicated

only that she was conscientiously opposed to the death penalty.

The district attorney asked the traverse jury panel whether anyone was conscientiously opposed to capital punishment. A prospective juror responded affirmatively, and she was asked her name. When this prospective juror stated that her name was Rosa Christine Lester, the district attorney asked whether she had been excused for cause "the last time." Mrs. Lester answered that she had, and she was excused for cause again.

Looking to the entire voir dire record of examination, it is apparent that when the district attorney suggested that Mrs. Lester had been excused for cause "the last time," the district attorney meant that she had been excused for cause at the trial of the appellant's accomplice, Johnny Westbrook. It is equally apparent that the reason for her excusal for cause at Westbrook's trial was her conscientious opposition to capital punishment under Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1967). Looking to the voir dire record of examination at Westbrook's trial, Mrs. Lester was properly excused for cause there after she indicated that she could not vote for the death penalty regardless of what transpired at trial. Since this prospective juror had already made known at the trial of the appellant's accomplice (which immediately preceded the appellant's trial) that she was a Witherspoon-disqualified juror, we find that the trial court did not err in excusing her for cause under Witherspoon at this trial without reeliciting that information from her. This enumeration of error is without merit.

3. In Enumeration 3, the appellant argues that the trial court erred in not charging the jury during the sentencing stage of the trial that the accused enters upon the trial with a presumption of innocence in his favor as to his alleged commission of any statutory aggravating circumstances advanced by the state to support imposition of the death penalty.

Of course, the accused does enter upon the trial with a presumption of innocence in his favor as to his alleged commission of the crime charged, and the failure of the trial court to so instruct the jury is error requiring the

grant of a new trial. E.g., *Foster v. State,* 240 Ga. 858 (4) (242 SE2d 600) (1978); Taylor v. Kentucky, 436 U. S. 478 (56 LE2d 468) (1978). The jury was so instructed on the presumption of innocence during the guilt determination stage of the appellant's trial.

All that is required under our capital-sentencing procedure before the death penalty can be imposed is that the jury find the existence of at least one statutory aggravating circumstance beyond a reasonable doubt in any case except treason or aircraft hijacking. See Code Ann. § 27-2534.1 (c), supra. The jury was so instructed during the penalty stage of the appellant's trial.

We do not find within the scheme of our death penalty statute any presumption that the offense for which the death penalty is being sought is not accompanied by a statutory aggravating circumstance. The requirement that the jury find the existence of at least one statutory aggravating circumstance beyond a reasonable doubt before imposing the death penalty is sufficient to ensure that the death penalty is administered in a constitutional manner. See Gregg v. Georgia, 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976). Since the death penalty statute does not create a presumption against statutory aggravating circumstances, we hold that the trial court did not err in failing to so instruct the jury.

In addition, we note that in this case, as in perhaps most cases, the state's proof that the accused committed the underlying offenses encompasses its proof as to statutory aggravating circumstances. Therefore, it would be incongruous to charge the jury against finding something at the penalty stage of the trial which has already been proven at the guilt-determination stage. This enumeration of error is without merit.

4. In Enumeration 4, the appellant argues that the trial court abused its discretion in refusing to allow him to question each prospective juror on voir dire outside of the presence of the other jurors.

Several prospective jurors were excused for cause because they had indicated on voir dire that if the defendant was found guilty of the crime charged, viz., beating the elderly ladies to death with a blunt

instrument, they would sentence him to death and not consider giving him a life sentence under any circumstances. The appellant argues that the jurors who were eventually chosen to sit on the case were inherently prejudiced by having heard this.

Although the defendant, as well as the state, has the right in a criminal case to an individual examination of each juror on voir dire (Code § 59-705), we hold that whether or not this individual questioning of the jurors is to take place outside of the presence of the other jurors is one of those matters lying within the sound discretion of the trial court. Cf. *Arnold v. State,* 236 Ga. 534 (6) (224 SE2d 386) (1976). In the present case, we are unable to hold that the trial court abused its discretion in denying the defendant's motion for a sequestered examination of prospective jurors. This enumeration of error is without merit.

5. In Enumeration 5, the appellant argues that in the trial court's charge to the jury during the guilt-determination stage of the trial, the court improperly expressed the opinion that injuries had been inflicted on the victims and that the transactions in which the injuries were inflicted were crimes.

The complained-of charge concerned the admission of certain photographs which had been taken of the victims. The trial court instructed the jury that the photographs were being admitted for the purpose of showing the injuries which had been inflicted upon the victims as part of the offenses charged, and that anything about the photographs that appeared not to be part of the injuries, or that took place subsequent to infliction of the injuries, should not inflame the jury or cause prejudice against the defendant. The charge did not amount to an expression of opinion in the manner argued by the appellant. This enumeration of error is without merit.

6. In Enumeration 6, the appellant argues that the trial court's charge to the jury during the guilt-determination stage of the trial amounted to an impermissible expression of opinion that the victims had been murdered.

In the complained-of charges, the trial court was merely instructing the jury on the forms of the verdict

under the counts of the indictment charging the appellant with the murders of the victims. Looking to the charges as a whole, the trial court did not express the opinion that the victims had been murdered. This enumeration of error is without merit.

7. In Enumeration 7, the appellant argues that the trial court erred in not excusing prospective juror Lineberger for cause, thereby requiring the defense to exercise one of its peremptory strikes.

In the present case, the appellant was entitled under Code § 59-805 to 20 peremptory challenges. It appears from the record that the appellant utilized only 18 of these peremptory challenges.

" 'In general, where it does not affirmatively appear from the record that a party had exhausted his peremptory challenges at the time the full panel of jurors was accepted and sworn, the appellate court will presume that he was not prejudiced by the action of the court in erroneously disallowing his challenge for cause, and will not grant a reversal for the alleged error.' [Cits.]" *Foster v. State,* 240 Ga. 858, supra, p. 859.

Since it does not appear that the appellant was compelled to exhaust all of his peremptory challenges for the purpose of striking the challenged juror, we find no reversible error. This enumeration of error is without merit.

8. In Enumeration 10, the appellant argues that the trial court abused its discretion in overruling his motion for continuance.

Counsel moved for a continuance on the ground that "this case comes so quickly after the previous trial [Westbrook's trial] that we feel the jury might be unduly aware of the facts and circumstances in that case." Under the circumstances of this case, we are unable to say that the trial court abused its discretion in overruling the motion for continuance. Code Ann. § 81-1419; *Jackson v. Hopper,* 232 Ga. 419 (207 SE2d 58) (1974); *Campbell v. State,* 231 Ga. 69 (200 SE2d 690) (1973). This enumeration of error is without merit.

## II. Sentence Review

In reviewing the death sentences imposed against the appellant, we are required by Code Ann. § 27-2537(c)

(1-3) (Ga. L. 1973, pp. 159, 165) to consider three questions:

First, were the sentences of death imposed under the influence of passion, prejudice, or any other arbitrary factor? We conclude that they were not.

We note, also, that we have reviewed the trial court's charge to the jury during the presentence hearing, and it is in compliance with *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978).

Second, does the evidence support the jury's finding of statutory aggravating circumstances as enumerated in Code Ann. § 27-2534.1 (b) (Ga. L. 1973, pp. 159, 163)?

The jury found three statutory aggravating circumstances to support imposition of the death penalty for the murder of Mrs. Kaplan. The jury found that the murder was committed while the offender was engaged in the commission of another capital felony, to wit, kidnapping with bodily injury. Code Ann. § 27-2534.1(b) (2). The jury also found that the offense of murder was outrageously or wantonly vile, horrible or inhumane in that it involved torture, depravity of mind, or an aggravated battery to the victim. Code Ann. § 27-2534.1 (b) (7). In addition, the jury found that the offense of murder was committed while the offender was engaged in the commission of another capital felony, to wit, murder. Code Ann. § 27-2534.1 (b) (2).

The jury found two statutory aggravating circumstances to support imposition of the death penalty for the murder of Mrs. Kalish. The jury found that this murder was committed while the offender was engaged in the commission of another capital felony, to wit, kidnapping with bodily injury. Code Ann. § 27-2534.1 (b)(2). Additionally, the jury found that this murder was outrageously or wantonly vile, horrible or inhumane in that it involved torture, depravity of mind, or an aggravated battery to the victim. Code Ann. § 27-2537.1(b) (7).

We find that the evidence does support the jury's findings of these statutory aggravating circumstances, and the death penalties are sustainable thereunder.

Third, we must determine whether the sentences of death are excessive or disproportionate to the penalty

imposed in similar cases, considering both the crime and the defendant.

In reviewing the death penalties in this case, we have considered cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed and we find the following similar cases listed in the appendix support affirmance of the death penalty in this case.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1978 — DECIDED OCTOBER 17, 1978 — REHEARING DENIED NOVEMBER 22, 1978.

*Harry F. Thompson, William E. Mull, Hugh Q. Wallace,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.

APPENDIX.

*House v. State,* 232 Ga. 140 (205 SE2d 217) (1974); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Chenault v. State,* 234 Ga. 216 (215 SE2d 223) (1975); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Coleman v. State,* 237 Ga. 84 (226 SE2d 911) (1976); *Isaacs v. State,* 237 Ga. 105 (226 SE2d 922) (1976); *Dungee v. State,* 237 Ga. 218 (227 SE2d 746) (1976); *Banks v. State,* 237 Ga. 325 (227 SE2d 380) (1976); *Young v. State,* 239 Ga. 53 (236 SE2d 1) (1977); *Gaddis v. State,* 239 Ga. 238 (236 SE2d 594) (1977); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977); *Westbrook v. State,* 242 Ga. 151 (1978).

ON MOTION FOR REHEARING.

The appellant has filed a motion in the nature of a motion for rehearing in which he complains of our ruling in Division 2. In Division 2, we held that the trial court did not err in excusing for cause the prospective juror, Rosa Christine Lester, who had been disqualified under Witherspoon v. Illinois, supra, at the trial of appellant's accomplice, which immediately preceded appellant's trial. This prospective juror was excused for cause at

appellant's trial without being fully reexamined under Witherspoon. The appellant now argues that this deprived him of the right to be present at every stage of his trial. Under the circumstances of this case, we are unable to agree.

Appellant's two trial counsel were permitted to observe the voir dire examination of prospective jurors at the trial of the appellant's accomplice, Johnny Westbrook, so as to enable them to gather information to aid them in selecting a jury at appellant's trial. At the commencement of appellant's trial, counsel for appellant informed the court that because of this observation the voir dire examination in this case could be expedited.

During oral argument before this court, the district attorney stated that there was an agreement between defense counsel and the district attorney that all of the veniremen who were disqualified under Witherspoon at Westbrook's trial would, likewise, be disqualified at appellant's trial. The reason for this was that those jurors who had been disqualified at Westbrook's trial might tailor their answers to questions put to them on voir dire examination at appellant's trial so as to avoid disqualification. (The juries in the appellant's trial and Westbrook's trial were struck from the same jury list.) The existence of this agreement is evidenced in the record, which, at one point, shows that two veniremen other than Mrs. Lester were excused for cause "by agreement because they were excused for cause in the Westbrook case." Each of these jurors stated, "I was excused for cause the last time," and the trial judge replied, "it is agreed that he would go off for cause."

The appellant was present during voir dire examination in this case. He was confronted with these prospective jurors. Through his counsel, he was thus presented with the opportunity to fully examine them under Witherspoon. Allowing them to be stricken for cause without fully reexamining them under Witherspoon was a tactical decision, quite possibly inuring to the appellant's benefit, which was properly made by defense counsel after consultation with the appellant.

We hold that defense counsel's decision not to reelicit from these prospective jurors the information that formed

the basis for their Witherspoon disqualification did not deprive the appellant of the right to be present at every stage of his trial.

*Motion for rehearing denied. All the Justices concur, except Hall, J., who concurs in the judgment only.*