## 57193. HARRISON v. THE STATE.

WEBB, Presiding Judge.

Harrison was indicted for armed robbery, found guilty by the jury and sentenced to ten years. We affirm on appeal.

1. The trial court charged the jury as follows: "The Defendant enters upon the trial of this case with the presumption of innocence in his favor. That presumption

remains with him throughout the trial of the case, until and unless the State produces evidence in your presence and hearing sufficient to satisfy your minds beyond a reasonable doubt of the Defendant's guilt of the offense charged." Harrison asserts that this charge constituted reversible error because it failed to properly inform the jury that the presumption of innocence is a substantive right in the nature of evidence, as required by *Reaves v. State,* 146 Ga. App. 409, 412 (6) (246 SE2d 427) (1978).

No objection to the charge as given, nor request to charge in the language Harrison insists is mandatory, was made. Absent such objection, we think the charge as given was sufficient to apprise the jury of the weight to be given the presumption of innocence, unlike *Reaves,* where no instructions of any kind were given on this essential principle. See *Watkins v. State,* 144 Ga. App. 694 (242 SE2d 347) (1978); compare *Foster v. State,* 240 Ga. 858, 860 (4) (242 SE2d 600) (1978).

2. If any error was committed in failing to advise a co-defendant of his right not to testify, it was harmless as to Harrison. " 'Harm as well as error must be shown to authorize a reversal by this court.' " *Chenault v. State,* 234 Ga. 216, 220 (2) (215 SE2d 223) (1975).

3. No evidence has been pointed out which would demand a charge without request on the lesser included offense of robbery by intimidation. *Jordan v. State,* 239 Ga. 526, 527 (2) (238 SE2d 69) (1977); *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

4. The evidence supported the verdict and the trial court did not err in refusing to grant the motion for new trial.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED FEBRUARY 5, 1979 — DECIDED FEBRUARY 26, 1979.

*Robert G. Morton, Robert E. Wilson,* for appellant.
*M. Randall Peek, District Attorney, Michael M. Sheffield, Assistant District Attorney,* for appellee.