## 57841. SCHUH v. THE STATE.

CARLEY, Judge.

Appellant was indicted and tried for unlawful possession of marijuana with intent to distribute, in violation of the Controlled Substances Act. From his conviction, he brings this appeal. We affirm.

1. Appellant first attacks the charge to the jury as it relates to the presumption of innocence and proof beyond a reasonable doubt. He does not contest the accuracy of the charge as given in this regard but, rather, urges that it was not complete and that, therefore, his requests to charge should have been given.

The United States Supreme Court has recently held: ". . . [T]he failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution . . . [S]uch a failure must be evaluated in light of the totality of the circumstances — including all the instructions to the jury, the arguments of counsel,

---

whether the weight of the evidence was overwhelming, and other relevant factors — to determine whether the defendant received a constitutionally fair trial." Kentucky v. Whorton, — U. S. — (47 USLW 4579, decided May 21, 1979). However, pretermitting the effect that the Whorton decision may have on constitutional law, we note that our statutes provide: "Every person is presumed innocent until proved guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt." Code Ann. § 26-501. We, therefore, address appellant's argument in light of this Code section and the cases construing it.

" 'The failure of a trial judge in a criminal case to charge the jury to the effect that the defendant enters upon his trial with the presumption of innocence in his favor, and that this presumption remains with him, in the nature of evidence, until rebutted by proof satisfying the jury of his guilt to the exclusion of reasonable doubt, is error requiring the grant of a new trial.' [Cits.]" *Foster v. State,* 240 Ga. 858, 860 (4) (242 SE2d 600) (1978). (Emphasis supplied.) Accord, *Butts v. State,* 13 Ga. App. 274 (79 SE 87) (1913); *Reddick v. State,* 11 Ga. App. 150 (4) (74 SE 901) (1912).

The charge at issue in the instant case was as follows: "Now, the Defendant enters upon the trial of this case with the presumption of innocence in his favor, and that presumption remains with him until proven guilty. No person shall be convicted of a crime unless each element of such crime is proven beyond a reasonable doubt. Now, the burden of proof rests upon the State to prove each essential element of the crime charged in this indictment beyond a reasonable doubt. The State, however, is not required to prove the guilt of the Defendant beyond all doubt or to a mathematical certainty. Now, moral and reasonable certainty is all that can be expected in a legal investigation and a reasonable doubt means just what it says, it is a doubt of a fair minded, impartial juror, honestly seeking the truth. It's not an arbitrary nor a capricious doubt, but it is a doubt arising from a consideration of the evidence, from conflicts in the evidence or from the lack of evidence, and, if after giving consideration to all the facts and circumstances of this

case, your minds are wavering, unsettled and unsatisfied, then that is a reasonable doubt and you should acquit the Defendant. Now, if that doubt does not exist in your mind as to the guilt of the Defendant, then you should convict." There then follows the remainder of the charge, including some six other references to the state's burden of proving the guilt of appellant beyond a reasonable doubt.

We have carefully considered the charge in its entirety, and the quoted portion in its context, and find it to be a full, fair and complete statement of the law on presumption of innocence and proof beyond a reasonable doubt, covering the same principles, albeit in different language, as appellant's requested instructions. See, e.g., *Brock v. State,* 91 Ga. App. 141 (1-b) (85 SE2d 177) (1954); *Moon v. State,* 136 Ga. App. 905 (1) (222 SE2d 635) (1975); *Payne v. State,* 233 Ga. 294, 309-311 (210 SE2d 775) (1974). Contrary to appellant's position, it is not error to refuse to give requested charges on the presumption of innocence in the exact language requested, where, as here, the charge as given substantially covers the same principles. *Kelly v. State,* 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

Furthermore, appellant's requested instructions were couched in argumentative language, stating otherwise objective legal principles in less than an objective manner. *Randall v. State,* 210 Ga. 435 (1-a) (80 SE2d 695) (1954). "Even though language used by the appellate courts in a decision may embody sound law, it is not always appropriate to employ such language in instructing the jury. [Cit.]" *Stull v. State,* 230 Ga. 99, 104 (196 SE2d 7) (1973). The court gave a full, fair and objective charge covering the principles of presumption of innocence and proof beyond a reasonable doubt. Accordingly, we find this enumeration of error to be without merit.

2. Appellant enumerates as error the failure to give his requested charge that "the state of a witness's feelings to the parties, and his relationship, may also be proved for the consideration of the jury *to show the existence of an interest, prejudice or bias toward the outcome of the case."* (Emphasis supplied.) It is seen that the emphasized language of the requested charge exceeds the wording of

Code Ann. § 38-1712, which the appellant cites as the basis for his request. Compare *Fears v. State,* 125 Ga. 740 (1) (54 SE 661) (1906). The trial court fully instructed the jury on their role as the exclusive judges of the credibility of the witnesses and on their right in passing upon the credibility "to consider all of the facts and circumstances of the case; the witnesses' manner of testifying, their intelligence and their means or opportunity for knowing the facts to which they have testified and the probability or improbability of their testimony, their interest or want of interest and the reasonableness or the unreasonableness of their testimony. You may also consider the personal credibility of the witnesses insofar as this may appear from the trial of the case." This charge fully and fairly covered, *in effect,* the import of Code Ann. § 38-1712 without the argumentative language contained in appellant's request. Cf. *Brunswick &c. R. Co. v. Wiggins,* 113 Ga. 842 (1) (39 SE 551) (1901). There was no error. Cf. *Tabb v. State,* 148 Ga. App. 13, 14 (3) (251 SE2d 16) (1978).

3. Appellant next urges that the trial court erred when, in charging the jury, the following statement was made: "I charge you that an individual *such as the Defendant upon trial* is not authorized to distribute marijuana." (Emphasis supplied.) It is argued that this statement violated the provisions of Code Ann. § 81-1104, prohibiting the expression or intimation by the court of its opinion as to what has or has not been proved, or as to the guilt of the accused. While we do not endorse the charge as a model of clarity, it did not violate the tenor of Code Ann. § 81-1104 and was not error. *Green v. State,* 129 Ga. App. 27, 28 (2) (198 SE2d 343) (1973). As in *Rush v. State,* 137 Ga. App. 387, 389 (5) (224 SE2d 39) (1976), the charge "merely instructed the jury that *if* they found possession, it would be unlawful."

And, in addition, we are constrained to note that almost immediately following this charge the trial court reiterated the "reasonable doubt" standard that must be applied, and ended its charge by stating: "I want to emphasize to you, . . . that anything that the Court did or said during the trial of this case was not intended and did not intimate, hint or suggest to you which of the parties, that is the State or the Defendant, should prevail in this

case. The Court's interest in the matter was that the case be fairly presented according to law and that you, as honest, conscientious, impartial jurors consider the case as the Court has instructed you and that you return a verdict that speaks the truth as you find the truth to this case to be." Under these circumstances we hold that no error was committed. Cf. *Williams v. State,* 232 Ga. 213, 215 (3) (205 SE2d 859) (1974).

4. Denial of his motion for new trial is cited as error by the appellant. There is no merit as to the general grounds. *Ridley v. State,* 236 Ga. 147, 148 (1) (223 SE2d 131) (1976). And for the reasons discussed in Divisions 1, 2 and 3 above, the remaining grounds urged on the motion for new trial were without merit.

5. Every error argued in appellant's brief has been considered. Pursuant to Rule 18 (c) (2) of this court all other enumerations of error are deemed abandoned since the same are not supported by citation of authority or argument. *Williams v. State,* 146 Ga. App. 543, 545 (4) (246 SE2d 729) (1978).

*Judgment affirmed. Deen, C. J., and Quillian, P. J., concur. Shulman, J., not participating.*

SUBMITTED MAY 8, 1979 — DECIDED JULY 12, 1979.

*Robert B. McNeese, Jr.,* for appellant.
James H. Schuh, *pro se.*
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.