## 66547. BEASLEY v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals her conviction for aggravated assault.

The evidence authorized the jury to find as follows: An Atlanta police officer was driving to work in his private automobile at about 10:30 p.m. He was driving in the left lane of his side of a four lane divided highway at the speed limit, with the driver's window down. A pickup truck came up behind him at a high rate of speed. The officer believed the pickup was trying to run him off the road. Then the pickup began flashing its headlights, apparently signalling him to move over. After a time the officer moved to the right lane and slowed down. The pickup then pulled up on his left side. A woman, later identified as the defendant, was in the passenger seat pointing a pistol at the officer. The pistol was fired and the officer ducked down. Later the officer discovered what appeared to be bullet holes in the

edge of his car's passenger seat back and in the passenger door adjacent to the seat. Inside the door, he found a bullet. After being shot at the officer obtained the aid of other officers on duty to stop the pickup some distance on down the highway. Defendant and her husband, who was driving the truck, were arrested. *Held:*

1. It is enumerated that the trial court erred in denying a motion for mistrial made on the grounds that the state cross-examined her husband as to whether he was a member of a motorcycle gang, had a felony record, and frequented a certain bar, thereby placing defendant's character in issue.

Contrary to defendant's assertion, there is nothing in the cross-examination of the husband indicating that she went into bars on Stewart Avenue.

The transcript shows that the husband admitted he had a conviction, without objection. The defense's irrelevancy objection to the state asking the husband if he rode motorcycles was overruled. He then denied that he was a member of a motorcycle gang. Subsequently, the husband was asked and admitted that he went to bars on Stewart Avenue. He denied that he had a felony record in Florida. The husband was then asked if he was on Stewart Avenue in connection with an apparently pending aggravated assault charge. Objection was made to the line of questioning as implying that the husband had some prior convictions and that it was an attempt to prejudice the defendant with her husband's prior record. Defendant moved for a mistrial on that ground and on the ground of producing evidence of the husband's prior conviction in an improper manner. The defense also asked that the court direct the state to refrain from that type of questioning. The court told the district attorney that if he wanted to prove a conviction of the husband the proper way to do it was with a certified copy of the conviction. No ruling was made on the motion for mistrial, no instructions to the jury were given or requested, defendant made no further requests or objections, and the state introduced a certified copy of the husband's conviction.

Despite defendant's argument that the state's cross-examination of her husband somehow put her character in evidence, no authority to that effect is presented nor do we find any. To the contrary, any witness, other than an accused, may be discredited by evidence of bad character (OCGA § 24-9-84 (Code Ann. § 38-1804)) and by convictions involving moral turpitude. *Allen v. State,* 152 Ga. App. 481 (4) (263 SE2d 259). In addition, the state was entitled to a thorough and sifting cross-examination. OCGA § 24-9-64 (Code Ann. § 38-1705).

We do not find prejudice to defendant arising from the cross-examination of her husband, only an attack on the husband's

credibility. Thus, no rebuke of the district attorney, instruction of the jury or mistrial was required under the provisions of OCGA § 9-10-185 (formerly Code Ann. § 81-1009). Defendant's request that the district attorney be instructed not to attempt to show the husband's conviction by cross-examination was granted, he was so instructed and subsequently produced a certified copy of the conviction.

Accordingly, we find no merit in this enumeration.

2. Defendant asserts the trial court's charge that "good character of itself may be sufficient to justify a reasonable doubt as to the guilt of the accused, or considered with other evidence in the case, it may be sufficient to create such doubt," shifted the burden of proof to defendant.

It is argued that this charge can be interpreted only as meaning that a reasonable doubt must be created by evidence introduced at trial and tells the jury they can acquit only if they find reasonable doubt and proof of good character.

Defendant's reliance on *Reaves v. State,* 146 Ga. App. 409 (7) (246 SE2d 427) is misplaced. There it was held that a similar charge on good character was error because it could only be interpreted as meaning a reasonable doubt must be created by evidence at trial, rather than resting solely upon the presumption of innocence. However, in that case, as pointed out in *Harrison v. State,* 149 Ga. App. 170 (1) (253 SE2d 845), the major error was that there was no charge on the presumption of innocence, which also distinguishes it from the instant case where the jury was separately and fully charged on the presumption of innocence.

Moreover, charges on good character in similar language have been upheld in *Nunnally v. State,* 235 Ga. 693 (8) (221 SE2d 547); *Keller v. State,* 245 Ga. 522 (3) (265 SE2d 813); *Walker v. State,* 164 Ga. App. 617 (298 SE2d 625).

Therefore, there is no merit in this assertion.

3. After the jury had deliberated for some time, it requested it be provided with the photograph of defendant made at the time she was arrested. This was done upon the agreement of counsel and the jury went back into deliberations. Sometime thereafter, the defense requested to reopen argument so that the evidence of the photograph could be argued to the jury. The denial of the request is enumerated as error.

The photograph was only relevant as to what defendant was wearing at the time she was arrested, which bore on the credibility of the arresting officers on this subject. It was merely cumulative of what was already in evidence through the testimony of defendant and her husband and the receipt of a garment and photograph thereof in

evidence.

"Generally the order and extent of argument is entirely within the discretion of the trial court. [Cits.]" *Little v. State,* 157 Ga. App. 462 (3), 463 (278 SE2d 17).

Under the circumstances, we find no abuse of discretion in the denial of additional argument.

4. The remaining allegations of error have no merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED OCTOBER 3, 1983.

*Eric Welch,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, A. Thomas Jones, Assistant District Attorneys,* for appellee.