A94A2416. DENNARD v. THE STATE.
(454 SE2d 629)

McMURRAY, Presiding Judge.

Defendant was charged via indictment with one count of burglary. The evidence adduced at his jury trial showed that defendant had previously been in the victim's apartment. On the night of the break-in, defendant telephoned the victim at work to determine whether she would be working the late shift again. She told him " 'I'm going to be here all night. I don't get off until eight o'clock in the

---

morning.' " When the victim returned home the following morning, "the screen was out of [her] window and . . . [her door] was kicked in." Various items of personal property were missing. The victim "realized that [she] had just moved into the apartment and there was only one person other than [her] mom [who had come] into [her] apartment and that was [defendant]. . . ." In custodial statements, defendant blamed three unknown males for the burglary but admitted being in the victim's apartment that night. He knew "the door was already kicked in," and correctly described the missing items as a "black leather living room suite, TV, and VCR." Defendant led the police to the address of a third party "where the furniture was found."

The jury found him guilty. His motion for new trial was denied and this appeal followed. *Held*:

1. In his third enumeration, defendant contends the trial court erred in failing to charge the jury on the presumption of innocence and proof beyond a reasonable doubt in the final charge to the jury. The State argues in reply that any error in failing to repeat the charge on the presumption of innocence as stated in the preliminary instructions was harmless, "because of the shortness of the trial and the defense's failure to make a formal request for a repeat of the [preliminary] instructions. . . ."

The record demonstrates that the trial court gave preliminary instructions on the presumption of innocence and the State's burden to prove every element of the crime charged beyond a reasonable doubt. Nevertheless, after the evidentiary phase was concluded and closing arguments were made, the trial court merely reminded the jury "that I gave you some general instructions at the beginning of the trial. I won't repeat everything I said at the beginning, but, remember I did tell you about evidence, about the State having to prove its case beyond a reasonable doubt. Now, let me give you a few more general instructions. . . ." Defendant submitted certain written requests to charge but did not include among them a request for an instruction on the presumption of innocence.

"In all criminal cases . . . tried under a plea of not guilty, the presumption of innocence is a fundamental doctrine of American criminal jurisprudence. This presumption[, codified at OCGA § 16-1-5,] remains with the defendant throughout the progress of the trial, unless and until it be overcome in the minds of the jury from what is adduced on the stand, under the rules of law as given by the court." *Kelly v. State*, 204 Ga. 239 (1) (49 SE2d 489). " ' "The failure of a trial judge in a criminal case to charge the jury to the effect that the defendant enters upon his trial with the presumption of innocence in his favor, and that this presumption remains with him, in the nature of evidence, until rebutted by proof satisfying the jury of his guilt to

the exclusion of reasonable doubt, is error requiring the grant of a new trial." (Cits.)' *Foster v. State*, 240 Ga. 858, 860 (4) (242 SE2d 600) (1978). . . . Accord, *Butts v. State*, 13 Ga. App. 274 (79 SE 87) (1913); *Reddick v. State*, 11 Ga. App. 150 (4) (74 SE 901) (1912)." *Schuh v. State*, 150 Ga. App. 700 (1), 701 (258 SE2d 328). See also *Ealey v. State*, 141 Ga. App. 94 (2), 95 (232 SE2d 620). In Georgia, the trial court's general charge in a criminal trial must include instructions on the presumption of innocence, even in the absence of any written request to charge such a fundamental principle. *Foster v. State*, 240 Ga. 858, 860 (4), supra. See also Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, Part 2 (D), Suggested General Charges Required in All Criminal Cases (2nd ed.) (1991) (revised July 1992). "It is indeed difficult to imagine a more serious omission from a charge to the jury in a criminal case. [Cit.]" *Reaves v. State*, 146 Ga. App. 409, 412 (6), 413 (246 SE2d 427). It is no reply that a correct statement of this fundamental principle was given to the jury in preliminary instructions. OCGA § 5-5-24 (b) "requires the trial [court] to give the jury comprehensive instructions after closing arguments, even at the cost of extensive repetition." *Blandburg v. State*, 209 Ga. App. 752, 753 (2), 755 (434 SE2d 510). In the case sub judice, the failure of the trial court to include an instruction on the presumption of innocence in its general charge, even in the absence of a written request, was error requiring the grant of a new trial. *Foster v. State*, 240 Ga. 858, 860 (4), 861, supra.

2. The evidence, although circumstantial, was sufficient to authorize the jury's verdict that defendant was guilty, beyond a reasonable doubt, as a party to the burglary alleged in the indictment. *Hildebrand v. State*, 209 Ga. App. 507, 511 (4) (433 SE2d 443); *Todd v. State*, 189 Ga. App. 538, 539 (2), 540 (376 SE2d 917). Defendant's fifth enumeration is without merit.

3. Defendant's three remaining enumerations have been considered and are found to be without merit.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 28, 1995.

*C. Jackson Burch,* for appellant.
*Spencer Lawton, Jr., District Attorney, David E. Langford, Assistant District Attorney,* for appellee.