## A95A1401. FOSTER v. THE STATE.
(462 SE2d 455)

McMurray, Presiding Judge.

Defendant Daniel Foster, a/k/a Gary Brooks, was charged in an indictment with burglary and giving a false name to a law enforcement officer. The evidence adduced at his jury trial showed that Bill Pouncy of Prattville, Alabama, was staying at the Dollar Inn on North Slappy Boulevard in Albany, Dougherty County, Georgia, on January 25, 1994. At approximately 5:00 a.m., he was awakened when he "heard a lot of noise going on outside the room. Chopping noise. Metal on metal." Bill Pouncy heard two men talking "about getting into something" and saw a tall, thin man wearing a bill cap walk by the window. Bill Pouncy had observed another man "down on one knee. Had his arm like this. He had a blue shirt on. And he was looking at the door." This man "turned back and looked directly to [Bill Pouncy]. And then, all of a sudden, this man that had walked away come [sic] back. I saw some white in his clothes." The noise increased real loud then, as if "two people were doing a job out there." Bill Pouncy affirmed his impression that "they were definitely working together[.]" Bill Pouncy next heard glass breaking and then, after no more than 30 seconds, "the vehicle that woke me up took off. It had a muffler problem or something. But it took off real fast." The manager informed him: " 'Well, they stole the TV.' " Bill Pouncy identified defendant as "the man that I saw kneeling outside the door[.]"

Calvin Roger Walker, the driver of the vehicle, "pled guilty to that [same] burglary" and testified as a witness for the State that "[i]t was both of our ideas . . ." to do this burglary. According to Calvin Walker, it was defendant who "proceeded to go into the room with a screwdriver. Come out with the TV, and got into the truck; and we pulled off." They traveled about three or four blocks before a police officer "pulled us over on the corner of Cotton and Madison." Officer James Henry Vick "noticed a TV set sitting in the front seat in between the two of them[.]" Officer Marcus Minix of the City of Albany Police Department assisted Officer Vick in stopping the pickup truck. He overheard defendant identify himself to Officer Vick as "Mr. Gary Brooks."

In a custodial statement and at trial, defendant "admit[ted] he gave a false name to the officers." He was afraid because he had a prior conviction for burglary. At trial, defendant denied helping to steal the television, claiming that he had tried to talk Calvin Walker out of it.

The jury found him guilty of both charges. This direct appeal followed, as to "the burglary offense only." *Held*:

1. The evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the

jury's determination that defendant is guilty, beyond a reasonable doubt, as a party to the burglary alleged in the indictment. *Dennard v. State*, 216 Ga. App. 446, 448 (2) (454 SE2d 629). "The [S]tate proved that the [motel room] was entered without authority of the victim[, in this case the owner]. This was sufficient to allow the case to go to the jury for decision, where the defendant did not offer to show that entry was made with the authority of the owner. *Hall v. State*, [7 Ga. App. 115, 119 (3) (66 SE 390)]." *Murphy v. State*, 238 Ga. 725, 728 (2), 729 (234 SE2d 911). Defendant's second enumeration is without merit.

2. Defendant contends in his first enumeration the trial court erred in proceeding on an indictment that allegedly "had not been returned in open court." However, any valid exception going to the mere form of the indictment was waived by defendant's failure to urge the defect in a timely, written special demurrer. *Dunbar v. State*, 209 Ga. App. 97 (2), 98 (432 SE2d 829); OCGA § 17-7-113.

3. In the absence of a written request, the trial court did not err in failing to charge the jury on any (unspecified) lesser offenses included within the indicted offense of burglary. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354). The third enumeration is without merit.

4. Defendant's fourth through seventh enumerations are specifications of alleged ineffective assistance of trial counsel. The record contains no motion for new trial. A different attorney was appointed on December 29, 1994, to represent defendant on appeal. The judgment of conviction was signed by the trial court on December 16, 1994, but not entered of record until January 24, 1995. Defendant filed a pro se notice of appeal on December 30, 1994, and appellate counsel filed an additional notice of appeal on January 11, 1995.

"Logically, it would seem that by proceeding with a direct appeal without filing a motion for new trial demanding an evidentiary hearing on the claim of ineffective assistance, defendant would have waived or abandoned this ground for reversal and a new trial. See *Maxwell v. State*, 262 Ga. 541, 543 (3) (422 SE2d 543) (1992). Nevertheless, we are bound by the whole court decision in *King v. State*, 208 Ga. App. 77 (2) (430 SE2d 640) (1993) holding the contrary. We therefore [affirm the judgment of the trial court but] remand the case [sub judice] to allow the trial court an opportunity to consider defendant's claim of ineffective assistance of counsel." *Duitsman v. State*, 212 Ga. App. 348, 350 (4) (441 SE2d 888). "We [further] 'defer the determination of [any] issue of waiver to . . . proceedings on remand. See *Gary v. State*, 260 Ga. 38 (2) (389 SE2d 218) (1990)' . . . *Black v. State*, 261 Ga. 791, 797 (19), 798 (410 SE2d 740). In the event the trial court finds no such waiver upon remand, . . . the trial court is directed to resolve defendant's claim of ineffective assistance of trial counsel. . . . If the trial court finds that defendant's claim of

ineffective assistance of trial counsel is precluded because the issue was not raised 'at the earliest practical moment,' then defendant's right to appeal that finding within 30 days after entry of the trial court's order is preserved. See *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797)." *Abernathy v. State*, 214 Ga. App. 364, 365 (2), 366 (448 SE2d 30).

*Judgment affirmed and case remanded with direction. Andrews and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 21, 1995.

*David E. Slemons*, for appellant.
*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.