## A00A0307. LOWE v. THE STATE.
### (526 SE2d 634)

McMURRAY, Presiding Judge.

Defendant Anthony Bernard Lowe was tried before a jury and found guilty of burglary and obstruction of a law enforcement officer. On appeal, Lowe's sole enumeration of error complains of the denial of his motion for new trial on the special ground of ineffective assistance of counsel. Specifically, Lowe argues trial counsel was ineffective for not submitting written requests to charge on "mere presence" at the scene of a crime and on impeachment of a witness. He also urges that counsel was ineffective by failing to adequately advise defendant of the consequences of being sentenced as a recidivist, and so defendant declined a plea bargain ill-advisedly. *Held*:

1. Generally,

> the burden is on the defendant to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citation and punctuation omitted.) *Ivory v. State*, 234 Ga. App. 858, 861 (4) (508 SE2d 421). Based on the uncontradicted direct evidence of defendant Lowe's knowing and active involvement in the burglary, the failure to request a charge on defendant's mere presence at the scene does not cast doubt on the verdict.

(a) The Suggested Pattern Jury Instructions (2nd ed. 1991), Vol. II: Crim. Cases, Part 3 (C) reads:

> The mere presence of a person at the scene of the commission of a crime at the time of its perpetration, without more, will not authorize a jury to find the person who was merely present guilty of consent in, and concurrence in, the commission of the crime, unless the evidence shows, beyond a reasonable doubt, that such person committed the alleged

crime, helped in the actual perpetration of the crime, or participated in the criminal endeavor.

The presumption of innocence, codified at OCGA § 16-1-5, is in the nature of evidence. *Dennard v. State*, 216 Ga. App. 446, 447 (1) (454 SE2d 629). See also *Foster v. State*, 240 Ga. 858, 860 (4) (242 SE2d 600). In our view, this evidentiary presumption is sufficient to support a proper written request for a jury instruction on mere presence at the scene. For purposes of this appeal, we assume, but do not hold, that trial counsel's failure to submit a timely, written request for a charge on "mere presence" fell below the professional standard of skill and judgment to which all members of the bar in good standing are presumed to adhere.

(b) An error by counsel, even if professionally unreasonable, does not warrant reversal of a criminal conviction if it had no effect on the judgment. *Michael v. State*, 235 Ga. App. 16, 19 (7) (508 SE2d 426). In this case, the presumption of defendant Lowe's innocence for being merely present at the scene was overcome by the uncontradicted direct evidence of defendant's co-indictee, Ron Boyd, who testified that the burglary was defendant's plan and that it was defendant who threw a brick through the front window, entered the store and returned to the car with three or four cash drawers. A police officer drove by and began turning around as defendant came back out of the package store. Officer C. A. Williams of the DeKalb County Police responded to the alarm of glass breakage at the store. When Officer Williams arrived, he observed two males inside a vehicle in the parking lot. That vehicle drove off upon Officer Williams' arrival, and he followed until the driver lost control. As the occupants fled, Officer Williams followed the passenger, namely defendant Lowe, and arrested him. Photographs depict money strewn on the passenger side floorboard.

Although the trial court did not (spontaneously) instruct the jury on "mere presence,"[1] it did charge them that the indictment is not evidence of guilt; that the presumption of innocence remains with defendant throughout the trial unless and until overcome by evidence; that the State has the unalterable burden to establish guilt beyond a reasonable doubt; on the credibility of the witnesses and conflicts in the evidence; on the quality of circumstantial evidence to convict; and on parties to a crime. Based on these instructions and the uncontradicted evidence, the trial court was authorized to conclude that defendant failed to establish he was prejudiced by coun-

---

[1] We express no opinion whether the trial court abused its discretion in refusing defendant's oral request to charge on mere presence, in response to a question by the jury during their deliberations, as no enumeration of error is predicated thereon.

sel's failure to submit a written request for an instruction on "mere presence," in that there is no reasonable probability that, but for this omission, the outcome of the trial would have been different. *Lajara v. State*, 263 Ga. 438, 441 (3) (435 SE2d 600). See also *McCord v. State*, 268 Ga. 842, 845 (8) (493 SE2d 129).

2. The second specification of alleged unprofessional error is trial counsel's failure to submit a written request to charge on impeachment, based upon the perception that co-indictee Boyd contradicted himself on whether his own negotiated sentence was conditioned on Boyd's testifying against defendant Lowe. Although defendant's brief recites two full pages from the transcript to support this factual assertion, no effort is made to address the second prong of the necessary showing in an ineffective assistance claim, namely prejudice resulting from the allegedly unprofessional omission. The trial court gave extensive instructions on the credibility of the witnesses. The jury was further admonished that no adverse inference may be drawn from the fact that defendant Lowe did not testify in his own behalf. The record supports the conclusion there is no reasonable likelihood the outcome would have been different had the trial court charged on impeachment as desired. *Concepcion v. State*, 205 Ga. App. 138, 139 (421 SE2d 554).

3. Defendant declined the State's pretrial offer of a plea agreement, to serve ten years. In support of his contention that he was inadequately advised of the consequences of being sentenced as a recidivist, defendant acknowledged he understood that recidivist punishment meant he would serve all of his sentence, but thought ten years was the maximum sentence. But trial counsel, who has tried over 400 felony cases in 24 years of practice, testified that, during the pretrial hearing, defendant was informed the maximum sentence that could be imposed for burglary was 20 years.

Under both the Sixth Amendment to the U. S. Constitution and Art. I, Sec. I, Par. XIV, of the 1983 Georgia Constitution, an accused is entitled to competent counsel who performs to the standards expected in the legal profession when deciding whether to accept a plea bargain. *Lloyd v. State*, 258 Ga. 645, 646 (2) (373 SE2d 1). In this case, the conflicting evidence authorizes the finding that trial counsel did perform to those standards when communicating the State's offer for a plea bargain, because Lowe was informed of the possible 20-year maximum sentence before he rejected the State's offer. The trial court did not err in denying defendant's motion for new trial on the special ground of ineffective assistance based on that rejected plea bargain. *Cook v. State*, 255 Ga. 565, 581 (17) (f) (340 SE2d 843). See also *Whitehead v. State*, 211 Ga. App. 121, 123 (438 SE2d 128).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 7, 1999.

*Harold S. Gulliver*, for appellant.
*J. Tom Morgan, District Attorney, Maria Murcier-Ashley, Jeanne M. Canavan, Assistant District Attorneys*, for appellee.