## 55033. WATKINS v. THE STATE.

WEBB, Judge.

After the court had charged the jury in this murder trial the following occurred: "The Court: Mr. Boone, does the defendant have any exceptions? Mr. Boone: No exceptions, your honor. The Court: Did I charge all of your contentions, sir? Mr. Boone: Yes, your honor."

In these circumstances we will not entertain a complaint in this court that the trial court committed reversible error by omitting to charge some further contention of the defendant. "[W]here a criminal defendant fails to request a charge, or fails to object to the trial court's *omission to charge,* such failure to request or object has been decisive against him." *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859) (1975). "The appellant in this case is precluded from raising the issue of omission of additional instructions to the jury because of his failure to submit a written request and failure to object to the omission." *Gaines v. State,* 239 Ga. 98, 101 (236 SE2d 55) (1977). "Where counsel has an undisclosed defense theory, introduces evidence to support the same at the trial, the trial court fails to charge on this defense but nevertheless asks counsel if he has left out anything and counsel replies in the negative, we hold that the error was induced by counsel and will not be a ground for a new trial. Error can be induced by a negative answer as well as by an affirmative one." *Hill v. State,* 237 Ga. 523, 525 (228 SE2d 898) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JANUARY 10, 1978 — DECIDED FEBRUARY 3, 1978.

*H. G. Bozeman,* for appellant.
*Joseph H. Briley, District Attorney, Sallie Rich Jocoy, Assistant District Attorney,* for appellee.