## 35707. STEVENS v. THE STATE.

JORDAN, Presiding Justice.

The appellant was convicted of the murder of Roger E. Honeycutt and was sentenced to death. On direct appeal to this court, the underlying conviction for murder was affirmed; however, the death sentence was set aside due to defects in the instructions to the jury during the presentence hearing. See *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978) and its companion case *Burger v. State,* 242 Ga. 28 (247 SE2d 834) (1978). Following remand to the trial court, the jury again sentenced the appellant to death and he brings this appeal. A factual summary of the case is amply set out in *Stevens v. State,* supra, and will be repeated here only as is necessary for a consideration of the enumerations of error.

*I. Enumerations of Error.*

1. In enumerations of error one through three, the appellant contends that the trial court erred in not giving the jury a full and complete charge of law.

---

The appellant notes that the jury which resentenced him was not the same jury that originally convicted him of his crime. The appellant argues that because the resentencing charge did not instruct the new jury how to weigh the evidence, said jury could not properly perform its function and a new trial is required.

The only issues before a jury during the sentencing (or resentencing) phase of a capital felony trial is whether the evidence proves a statutory aggravating circumstance beyond a reasonable doubt and, if it does, what sentence shall be imposed upon the defendant. Code Ann. § 27-2534.1. That the defendant committed the offense is no longer an issue. In the present case the jury was properly instructed as to the definition of reasonable doubt which was the crucial evidentiary finding required.

The appellant argues that the jury should have been charged on expert testimony. However, the record shows that the expert testimony introduced consisted of proof of death and identity of the victim. Both of these issues had been determined and foreclosed by the initial finding of guilt. Appellant has not demonstrated which evidentiary charges should have been given or why such charges should have been given. Furthermore, based upon the record, appellant's counsel was given a copy of the trial court's proposed charge prior to its submission to the jury and invited to submit additional charges which he did not do. *Thomas v. State,* 234 Ga. 615 (216 SE2d 859) (1975); *Watkins v. State,* 144 Ga. App. 694 (242 SE2d 347) (1978); see *Watson v. State,* 137 Ga. App. 530 (224 SE2d 446) (1976).

The appellant also asserts that the court should have charged on circumstantial evidence. Almost all the evidence was direct in nature. Under such circumstances such a charge would not be required. *Paige v. State,* 219 Ga. 569 (123 SE2d 793) (1974); *Gaines v. State,* 232 Ga. 727 (208 SE2d 798) (1974).

After a review of the charge as a whole, under the circumstances of this case, we conclude that the jury was properly instructed by the trial court. This is not to say that in all cases evidentiary charges are not required in resentence hearings. Each case must necessarily depend on the evidence presented viewed in the light of the initial

determination of guilt.

2. The trial court instructed the jury that the state relied upon three aggravating circumstances: the offense of murder was committed while the offender was engaged in the commission of another capital felony, kidnapping (Code Ann. § 27-2534.1(b)(2)); the offense of murder was committed while the offender was engaged in the commission of another capital felony, armed robbery (Code Ann. § 27-2534.1(b)(2)); and, the offense of murder was outrageously or wantonly vile, horrible, or inhumane in that it involved torture and depravity of mind (Code Ann. § 27-2534.1(b)(7)).

The trial court did not define kidnapping or armed robbery in its charge and the appellant asserts error. Normally, when as here, the defendant in a capital case has not been charged during the guilt-innocence phase, with the capital felony designated as an aggravating circumstance, the trial court would be required to charge the definition of the capital felony as part of its instruction to the jury during the sentencing phase of the trial.

However, in the instant case, appellant's counsel admitted that appellant was engaged in the commission of armed robbery and kidnapping and told the jury both during opening and closing argument that this was not an issue. Furthermore, he elicited testimony that the appellant was committing armed robbery and kidnapping during cross examination of the state's witnesses. Appellant's sole mitigatory defense was that his co-defendant actually drove the cab with the victim in the trunk into the pond. Therefore, under the circumstances of this case it was not error to fail to charge the definition of armed robbery or kidnapping, the issue not being presented to the jury. See Code Ann. § 27-2534.1(b); *Campbell v. State,* 136 Ga. App. 338 (221 SE2d 212) (1975).

The jury returned a finding of all three aggravating circumstances and there was sufficient evidence to support each finding by a rational trier of fact beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Appellant's fourth, fifth and sixth enumerations of error are therefore without merit.

3. In his seventh enumeration of error, the appellant contends that the trial court failed to give a full and complete charge on Code Ann. § 27-2534.1(b)(7). The trial court charged the language of 27-2534.1(b)(7). Appellant however argues that the trial court should have gone further and *explained* the language of the statute. This enumeration of error is without merit. *Harris v. State,* 237 Ga. 718 (230 SE2d 1) (1976); *Lamb v. State,* 241 Ga. 10 (243 SE2d 59) (1978).

4. In his final enumeration of error appellant contends that the trial court erred in admitting testimony concerning the confession of a co-defendant. The confession itself was not entered into evidence. Code Ann. § 38-414. This enumeration of error is clearly without merit. The record reveals that the appellant himself upon cross examination introduced the evidence of which he now complains. *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978); *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1975).

5. We have, as mandated by Code Ann. § 27-2537(b)(1-3) reviewed the death sentence in this case.

After a review of the record and transcript we find that the sentence of death was not imposed under the influence of passion, prejudice or any other arbitrary factor. We further find that the verdict and sentence were factually substantiated.

A review of the trial court's charge reveals that it is not subject to the defects addressed in *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977); *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977) and *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978).

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed for murder. The evidence demonstrates that the appellant robbed and kidnapped a cab driver. The appellant then committed aggravated sodomy upon the victim and placed him in the trunk of the cab, bound and nude. The victim, entombed in the trunk of his cab, was then drowned when the cab was driven into a pond. The brutality and depraved intent displayed by the appellant and his accomplice in this case is similar to that of other

cases in which the death penalty has been affirmed by this court. We find that the similar cases set forth in the appendix support the affirmance of the death penalty. Thomas A. Stevens' sentence to death for murder is neither excessive nor disproportionate considering both the crime and the defendant. This court has affirmed the death sentence of his accomplice in *Burger v. State*, 245 Ga. 458 (1980).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only as to Division 2.*

ARGUED JANUARY 16, 1980 — DECIDED APRIL 9, 1980.

*Gibbs, Leaphart & Smith, Robert B. Smith,* for appellant.

*Glenn Thomas, Jr., District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.

### APPENDIX.

*Lingo v. State,* 226 Ga. 496 (175 SE2d 657) (1970); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805) (1973); *Hunter v. State,* 231 Ga. 494 (202 SE2d 441) (1973); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); *Mitchell v. State,* 234 Ga. 160 (214 SE2d 900) (1975); *Goodwin v. State,* 236 Ga. 339 (223 SE2d 703) (1976); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Stanley v. State,* 240 Ga. 341 (241 SE2d 173) (1977); *Campbell v. State,* 240 Ga. 352 (240 SE2d 828) (1977); *Moore v. State,* 240 Ga. 807 (243 SE2d 1) (1978); *Westbrook v. State,* 242 Ga. 151 (249 SE2d 524) (1978); *Ruffin v. State,* 243 Ga. 95 (252 SE2d 472) (1979); *Brooks v. State,* 244 Ga. 574 (261 SE2d 379) (1979); *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979); *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Dampier v. State,* 245 Ga. 427 (1980); *Tucker v. State,* 245 Ga. 68 (1980); *Hardy v. State,* 245 Ga. 272 (1980).