**Thomas D. STEVENS, Petitioner,**

v.

**Walter D. ZANT, Respondent.**

**Civ. A. No. CV282–02.**

United States District Court,
S.D. Georgia,
Brunswick Division.

Jan. 26, 1984.

John Paul Batson, Augusta, Ga., and Daniel A. Rezneck, James X. Dempsey, Steven G. Reade, Washington, D.C., for petitioner.

William B. Hill, Jr., Asst. Atty. Gen., Atlanta, Ga., for respondent.

### MEMORANDUM OF OPINION AND ORDER

BOWEN, District Judge.

Petitioner is under a sentence of death. He has filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court issued a stay of execution to allow a review of the petition.

On January 26, 1978, petitioner was convicted of murder and sentenced to death in the Superior Court of Wayne County. On direct appeal, the Supreme Court of Georgia affirmed petitioner's conviction but vacated his sentence of death and remanded the case for a new trial on sentencing. *Stevens v. State*, 242 Ga. 34, 247 S.E.2d 838 (1978). Petitioner was again sentenced to death. The Supreme Court of Georgia affirmed the sentence on direct appeal. *Stevens v. State*, 245 Ga. 583, 266 S.E.2d 194, *cert. denied*, 449 U.S. 891, 101 S.Ct. 251, 66 L.Ed.2d 118 (1980). Petitioner then sought habeas relief in the Superior Court of Butts County. Without benefit of a hearing, that court denied petitioner the relief he sought, and the Supreme Court of Georgia denied petitioner's application for a certificate of probable cause to appeal.

The petition presently under consideration in this Court has been labeled by coun-

sel as the "second amended petition." The petition is "mixed;" that is, petitioner has not presented all of his claims to state courts and thereby exhausted his state remedies. An examination and comparison of the state and federal petitions will enable the Court to determine what issues have and have not been exhausted.

Respondent argues that paragraphs 13–21a, 24–26, 28–33, and 35–35i of the second amended petition contain issues that have not been presented to the state courts. Petitioner has conceded that the issues raised in paragraphs 35d–35i are not exhausted. Petitioner insists, however, that the other issues are properly before the federal district court.

Paragraph 13 sets forth petitioner's claim that he received ineffective assistance of counsel. Paragraphs 14–21a outline petitioner's "Facts in Support" of his ineffective assistance claim:

14. Petitioner's court-appointed trial counsel was Robert B. Smith, of Gibbs, Leapheart, and Smith, P.C., of Jesup, Georgia. Petitioner's co-defendant, Christopher Burger, was represented by Robert Smith's law partner, Alvin Leapheart. Petitioner and his co-defendant had conflicting defenses. Petitioner was harmed by this conflict of interest.

15. Petitioner's counsel, Robert Smith, sat as co-counsel at Christopher Burger's trial at which Petitioner was attacked as the more culpable party and the mastermind of the offense.

16. Robert Smith's law partner, Alvin Leapheart, has previously testified that he would have "crucified" Petitioner in order to protect the co-defendant.

17. Trial counsel for Petitioner failed to interview properly the witnesses in the case, both witnesses for the State and potential witnesses for Petitioner.

18. Trial counsel for Petitioner failed to challenge the composition of the grand jury which indicted Petitioner, the traverse jury which convicted Petitioner, or the traverse jury which sentenced Petitioner to death. The jury pools from which all these juries were drawn were unconstitutionally composed, in that they were underrepresentative of black persons, women, and young people.

19. Trial counsel for Petitioner presented absolutely no evidence on Petitioner's behalf at the guilt/innocence phase of the trial.

20. Trial counsel for Petitioner presented no evidence on Petitioner's behalf at Petitioner's second sentencing trial, although substantial evidence of mitigation existed.

20a. Trial counsel failed to make a reasonably substantial investigation into a plausible line of defense, with respect to guilt and/or sentence, based upon Petitioner's diagnosed mental illness.

20b. Trial counsel failed to make a reasonably substantial investigation into a plausible line of defense based upon the illegality of Petitioner's confession because it was obtained in violation of Petitioner's Fifth, Sixth and Fourteenth Amendment rights.

20c. Trial counsel breached his duty to consult with Petitioner regarding the planning of his defense, to advise his client with candor, and to provide Petitioner with the opportunity to make crucial strategic decisions typically entrusted by our criminal justice system to the defendant.

20d. Trial counsel failed to request that the trial court instruct the sentencing jury as to the meaning of the statutory aggravating circumstances asserted by the prosecution at Petitioner's resentencing and, in fact, admitted the presence of two aggravating circumstances.

20e. Trial counsel failed to make a reasonably substantial investigation into requesting a jury instruction on the lesser included offense of armed robbery, an offense not punishable by death.

20f. Trial counsel failed to make a reasonably substantial investigation into the possibility of challenging the Petitioner's sentence of death as being in violation of principles enunciated in *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982).

21. On appeal to the Supreme Court of Georgia, the briefs of both Petitioner and his co-defendant were prepared by Attorney Alvin Leapheart (the attorney who testified that he would have "crucified" Petitioner). He inadequately briefed legal issues on appeal, and due to his conflict of interest, failed to raise certain issues favorable to Petitioner on appeal.

21a. Petitioner suffered actual prejudice as a result of trial counsel's ineffective assistance of counsel.

In paragraph 8 of his amended state petition, petitioner also argued that he had been denied the effective assistance of counsel. In state court, however, petitioner raised only four specific allegations:

a) Petitioner's counsel should have withdrawn from Petitioner's case in that Petitioner's co-defendant was represented by counsel from the same firm. Counsel's failure to withdraw severely limited petitioner's defense by inhibiting his bargaining position.

b) Petitioner's counsel failed to request charges on the essential elements of kidnapping and armed robbery, or in the alternative. [sic]

c) Petitioner's counsel failed to make a motion in limine on [whether or not the superior court had jurisdiction because the armed robbery and kidnapping allegedly took place on a federal military reservation] . . . .

d) Petitioner's counsel failed to present any requests to charge on the evidence questions complained of [in the state habeas petition] . . . .

The state habeas court considered the four specific allegations of ineffective assistance of counsel raised in the state habeas petition but did not determine whether or not the allegations were true:

Petitioner has not proved the facts alleged nor made available to the Court sufficient material from his first and second trials from which the Court could see for itself whether these allegations are true factually. But even if they were, the Court could not say the Petitioner's counsel did not render reasonably effective assistance of counsel.

*Stevens v. Zant*, No. 4900, slip op. at 5 (Superior Ct. of Butts Co., Ga. March 19, 1981). The Superior Court denied petitioner a hearing and then dismissed his petition in part because he had not proved his allegations. This Court is uncertain as to how petitioner could prove the facts he alleged without benefit of a hearing. The Court, imbued with the spirit of federalism, has endeavored to obey the limitations imposed upon it by 28 U.S.C. § 2254(d) and such cases as *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Nevertheless, the inspiration of federalism can stretch only so far when the state habeas court does not address, determine, and clearly articulate its findings upon all factual issues not previously presented to the state appellate courts. Of course, the issue of exhaustion is shaped by the opportunity that state courts have to review a petitioner's claims, rather than whether or not the state courts take advantage of the opportunity. Here, the state courts had the opportunity to review a limited claim of ineffective assistance of counsel.

Petitioner's claim that he received the ineffective assistance of counsel, however, has not been exhausted. Petitioner has presented new factual claims not contained in the record reviewed by the state courts. *See, Vela v. Estelle*, 708 F.2d 954, 958–959 (5th Cir.1983). The present "claim of ineffective assistance of counsel is materially broader than the one he originally presented" to the state courts. *Domaingue v. Butterworth*, 641 F.2d 8, 12 (1st Cir.1981). "Where a federal habeas petitioner presents newly discovered evidence or other evidence not before the state courts such as to place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it," the claim is not exhausted. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir.1983). The claim of ineffective assist-

ance of counsel raised in paragraphs 13–21a of petitioner's second amended petition has not been exhausted.

Paragraphs 24 and 25 of the second amended petition allege facts in support of petitioner's argument that Georgia's death penalty statute was unconstitutionally applied at petitioner's trial, an argument that counsel calls "The 'Godfrey' Issue.":

24. The trial court's charge to the jury at Petitioner's penalty trial failed to define or limit any of the terms of the section [27–2534.1](b)(7) circumstance; the text of the statute was merely read to the jury.

25. On appeal, the Supreme Court of Georgia failed to apply any limiting standard to the application of the section (b)(7) aggravating circumstance.

The state courts considered the precise issue of paragraph 24 on both direct appeal, *Stevens v. State*, 245 Ga. 583, 584, 266 S.E.2d 194, 197 (1980), and in the state habeas procedure. *Stevens v. Zant*, at 4. Implicit in an argument that (b)(7) needs an explanation is the assertion that the language of (b)(7) contains no limiting standard. *See, Harris v. State*, 237 Ga. 718, 230 S.E.2d 1 (1976), cited by the Georgia Supreme Court in *Stevens v. State*. When petitioner in his state habeas proceeding challenged the sentencing court's charge on (b)(7), he necessarily challenged the ruling of the Georgia Supreme Court on his direct appeal. In paragraph 7 of his original state habeas petition, petitioner expressly claimed, "Petitioners [sic] rights as secured by the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution would be violated if this sentence is not reviewed by the Georgia Supreme Court utilizing the rationale of *Godfrey* ...." The state habeas court chose to defer to the ruling of the Georgia Supreme Court. *Stevens v. Zant*, at 4. The issues of paragraphs 24 and 25 of the second amended petition have been exhausted.

Paragraph 26 and paragraphs 28–30 also concern the sentencing court's jury charge:

26. The trial court's instructions to the jury during Petitioner's penalty trial failed to define the statutory aggravating circumstances, failed to adequately define mitigating circumstances, . and failed to explain the function of mitigating circumstances in determining the appropriate sentence in a capital case, all in violation of Petitioner's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

28. The trial court's jury instructions on the section (b)(7) aggravating circumstance was constitutionally deficient as outlined in paragraphs 23–25, *supra*.

29. The trial court's jury instructions on the section (b)(2) aggravating circumstances were constitutionally deficient in that the elements of the offenses of armed robbery and kidnapping were never told to the jury.

30. The trial court, in its jury instructions, gave no definitions of the term "mitigating circumstances," no instruction was given on the function of mitigating circumstances in determining the sentence, and the jury was not instructed on the weighting of aggravating circumstances *vis-a-vis* mitigating circumstances. *See Spivey v. Zant*, 661 F.2d 464, 466 (Former 5th Cir.1981).

Paragraphs 28 and 29 both present exhausted issues. Paragraph 28 does nothing but repeat the claims of paragraphs 23–25, claims the Court has determined are exhausted. The Supreme Court of Georgia addressed the issue of paragraph 29 at length:

The trial court did not define kidnapping or armed robbery in its charge and the appellant asserts error. Normally, when as here, the defendant in a capital case has not been charged during the guilt-innocence phase, with the capital felony designated as an aggravating circumstance, the trial court would be required to charge the definition of the capital felony as part of its instruction to the jury during the sentencing phase of the trial.

However, in the instant case, appellant's counsel admitted that appellant was engaged in the commission of armed robbery and kidnapping and told the jury both during opening and closing argument that this was not an issue. Furthermore, he elicited testimony that the appellant was committing armed robbery and kidnapping during cross examination of the state's witnesses. Appellant's sole mitigatory defense was that his co-defendant actually drove the cab with the victim in the trunk into the pond. Therefore, under the circumstances of this case it was not error to fail to charge the definition of armed robbery or kidnapping, the issue not being presented to the jury.

*Stevens v. State,* 245 Ga. at 585, 266 S.E.2d at 196–197. The state habeas court also considered the issue. *Stevens v. Zant,* at 3. Upon review of the decisions of the Georgia Supreme Court on petitioner's direct appeal and of the state habeas court, the Court has no difficulty in determining that petitioner's claim in paragraph 29 has also been exhausted.

Determining if the issues raised in paragraphs 26 and 30 have been exhausted is not as easy a task. Paragraphs 26 and 30 both raise the issue of whether or not the sentencing court properly defined for the jury the term "mitigating circumstances" and properly explained to the jury the function of such circumstances. The Court does not have before it petitioner's brief from his direct appeal to the Supreme Court of Georgia. The Georgia Supreme Court, however, in its decision on Stevens' sentence, wrote, "A review of the trial court's charge reveals that it is not subject to the defects addressed in *Fleming v. State,* 240 Ga. 142, 240 S.E.2d 37 (1977); *Hawes v. State,* 240 Ga. 327, 240 S.E.2d 833 (1977) and *Spivey v. State,* 241 Ga. 477, 246 S.E.2d 288 (1978)." *Stevens v. State,* 245 Ga. at 586, 266 S.E.2d at 197. All three cited cases concern in part the responsibility of the trial court to instruct the jury on mitigating and aggravating circumstances. Both the *Hawes* and *Spivey* cases considered the constitutional requirement that a jury be allowed to consider mitigating circumstances. *Hawes,* 240 Ga. at 480, 240 S.E.2d at 839; *Spivey,* 241 Ga. at 480, 246 S.E.2d at 291. In the *Spivey* case, the Georgia court decided that the sentencing court need not use the words "mitigating circumstances" in its jury charge nor "charge specifically that certain evidence was to be deemed mitigating." *Spivey,* 241 Ga. at 481, 246 S.E.2d at 291.

From an examination of the cases that the Georgia Supreme Court relied upon in ruling on petitioner's appeal, this Court finds and concludes that the Georgia appellate court considered the sufficiency of the sentencing court's jury charges on "mitigating circumstances." "It is well settled that where a state appellate court has adjudicated an issue on its merits, federal courts may consider it in a petition for habeas corpus." *Darden v. Wainwright,* 699 F.2d 1031, 1034 (11th Cir.1983). Although the law on jury charges may have become more fully developed since the Georgia court reviewed the case, the development in the law does not prevent this Court from considering the issue. *See, Westbrook v. Zant,* 704 F.2d 1487, 1491–1492, n. 6 (11th Cir.1983). Finally, nowhere in his state habeas petition did petitioner assert that the trial court inadequately defined or explained "mitigating circumstances." "The exhaustion requirement, however, does not require the prisoner to seek collateral review of the same issues already raised on direct appeal." *Walker v. Zant,* 693 F.2d 1087, 1088 (11th Cir. 1982).

Paragraph 31 of the second amended petition asserts that "[t]he aggravating circumstance set out in Ga.Code Ann. § 27–2534.1(b)(2) on which petitioner's sentence is at least partially based was improperly found, in violation of rights guaranteed by the Eighth and Fourteenth Amendments to the Constitution of the United States."

Paragraph 32 contains petitioner's factual support for his claim:

> 32. One of the aggravating circumstances upon which Petitioner's death sentence is based is that "the offense of murder was committed while the offender was engaged in the commission of another capital felony, kidnapping." Ga. Code Ann. § 27–3534.1(b)(2). Under Georgia law, kidnapping is not a capital offense; kidnapping with bodily injury, which was not found by the jury in this case, is the only capital kidnapping offense in Georgia. Ga.Code Ann. § 26–1311(b).

On petitioner's direct appeal, the Supreme Court of Georgia considered the appropriateness of the jury's findings of aggravating circumstances: "The jury returned a finding of all three aggravating circumstances and there was sufficient evidence to support each finding by a rational trier of fact beyond a reasonable doubt." *Stevens v. State*, 245 Ga. at 585, 266 S.E.2d at 197. The issue of paragraphs 31 and 32 has been exhausted.

■ Paragraphs 33–35 of the second amended petition set forth in detail the claim that the sentencing court's charge on intent impermissibly shifted the burden of proof to petitioner. Petitioner set forth the same claim in his original state habeas petition: "Petitioners [sic] right to be free of any burden placed upon him was denied by the trial courts' [sic] charge on implied malice. These rights are secured by the Fifth and Fourteenth Amendments to the United States Constitution." Although the federal petition sets forth the issue at greater length, "it is not required that the petitioner present book and verse on the federal constitution" to the state court to satisfy the exhaustion requirement. *Hutchins v. Wainwright*, 715 F.2d 512, 519 (11th Cir.1983). Petitioner's phrasing of the issue in his state petition was more than adequate to "sufficiently alert the state court" to the issue. *Id.* The state court had an opportunity to pass on the issue. Petitioner has exhausted the issue raised in paragraphs 33–35.

■ Paragraphs 35a–35c raise petitioner's "Brady" claim:

> 35a. The trial court's failure to order the prosecution to produce the prior written statement of a key prosecution witness, James Botsford, violated Petitioner's right to due process under *Brady v. Maryland*, 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963).
>
> 35b. By timely pre-trial requests, Petitioner sought the written pre-trial statement of James Botsford, a key prosecution witness who testified against Petitioner. The prosecution refused to produce that statement, and the trial court denied a motion to produce the statement.
>
> 35c. The statement given by Botsford was material both to Petitioner's guilt or innocence and to his sentence, and it contained material favorable to Petitioner.

Petitioner raised the issue of the Botsford confession in paragraph 6 of his amended state habeas petition:

> The Petitioner was entitled to this statement for the proper preparation of his defense under the Constitution and the laws of the United States and the failure of the Court to order its production materially affected the outcome of Petitioner's trial by denying him the ability to impeach Botsford.

Although petitioner did not phrase his claim in his state habeas petition in terms of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the state habeas court considered the claim to be a "Brady" claim. The state habeas court in *Stevens v. Zant*, at 3, deferred to the ruling of the Supreme Court of Georgia on Stevens' appeal from his original trial and death sentence: *Stevens v. State*, 242 Ga. 34, 247 S.E.2d 838 (1978). There, the court analyzed petitioner's argument that the trial court erred in not requiring the state to produce Botsford's statement in terms of

*Brady. Id.*, 242 Ga. at 35–36, 247 S.E.2d at 841. The state courts have considered the "Brady" claim. Petitioner's "Brady" issue raised in paragraphs 35a–35c of the second amended petition has been exhausted.

The Court has determined that the issue of ineffective assistance of counsel that petitioner raised in paragraphs 13–21a has not been exhausted. Petitioner has conceded that the issues raised in paragraphs 35d–35i have not been exhausted. Now, the Court must determine how to handle this "mixed petition." Respondent, in his initial response to the petition, requested the Court to dismiss the petition for failure to exhaust state remedies. Later, however, respondent requested the Court to strike the paragraphs containing unexhausted issues and to consider the remainder of the petition on its merits. Petitioner argues that the Court should be guided by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Respondent asserts that the rationale of *Rose v. Lundy* does not apply to death penalty cases.*

■ No double standard for death penalty cases exists. The United States Supreme Court has expressly held "that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose*, 102 S.Ct. at 1205. The state courts should have an opportunity to consider the evidence not presented to them before. *Brown*, 701 F.2d at 495. Of course, the petitioner "can always amend

the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Rose*, 102 S.Ct. at 1204. However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.*, 102 S.Ct. at 1205. If petitioner returns to state court but is not satisfied with the results and then files again a federal habeas petition, the Court will entertain arguments that petitioner's previously unexhausted claims cannot be pressed in the federal courts because of procedural defaults in state courts. *Domaingue*, 641 F.2d at 14.

In conclusion, the Court VACATES its order granting petitioner's motion for an evidentiary hearing, DISSOLVES THE STAY of execution, and DISMISSES the case without prejudice until such time as petitioner has exhausted his state remedies or deleted from his petition unexhausted issues.

---

* Respondent is concerned about the delay that a dismissal under *Rose* creates. This Court has observed, however, that a dismissal under *Rose* need not cause a lengthy delay. *See, e.g., Stephens v. Kemp*, No. CV183–187 (S.D.Ga. Nov. 18, 1983), where the Court dismissed the case on November 18, 1983, for failure to exhaust, the state obtained on November 29, 1983, a rescheduled date of execution for December 12, 1983, and the petitioner exhausted state remedies by December 9, 1983, and filed a new petition in federal court. *Stephens v. Kemp*, No. CV183–280 (S.D.Ga. Dec. 9, 1983).

The Court shares respondent's concern about *unnecessary* delays of cases involving state prisoners seeking federal habeas relief. Contrary to what some would assert, however, the blame does not always lie with the federal courts, the prisoners, or the prisoners' counsel. In this case, respondent's counsel repeatedly asserted without elaboration that a comparison of the claims that petitioner raised in state courts with the claims that he presented to this Court would "readily" or "quickly" reveal that the issues contained in the federal petition had never been submitted to any state court for resolution. As this order demonstrates, the comparison was not quick, and it turned up no ready revelations of unexhausted claims. The slow and difficult job of reviewing habeas petitions is made all the more laborious and time consuming when counsel does not fully brief the issues and arguments he raises.