41799. STEVENS v. KEMP.
(327 SE2d 185)

MARSHALL, Presiding Justice.

The petitioner Stevens, and his accomplice Burger, were convicted of the murder of Roger E. Honeycutt. The evidence at Stevens' trial showed that Stevens and Burger had summoned a taxi driven by the victim; they robbed the victim of his money and made him disrobe; Stevens then forced him to commit an act of oral sodomy and an act of anal sodomy; the victim was next bound with a cord and

placed in the trunk; Stevens suggested that they kill the victim, but Burger disagreed; however, they later drove the taxi to a pond in a wooded area, and Burger drove the automobile into the pond; the victim, bound in the trunk, drowned.

In Stevens' direct appeal, his conviction was affirmed, but the death sentence was set aside because of defects in the jury charge during the sentencing phase of the trial. *Stevens v. State*, 242 Ga. 34 (247 SE2d 838) (1978). On retrial as to sentencing, a sentence of death was again imposed and on direct appeal it was affirmed. *Stevens v. State*, 245 Ga. 583 (266 SE2d 194) (1980), cert. den. 449 U. S. 891 (1980).

Stevens subsequently filed a petition for writ of habeas corpus in the Butts Superior Court. This petition was denied, as was Stevens' application for certificate of probable cause to appeal. Next, Stevens filed a petition for writ of habeas corpus in federal district court; that petition was dismissed under *Rose v. Lundy*, 455 U. S. 509 (102 SC 1198, 71 LE2d 379) (1982), because it contained claims with respect to which Stevens had not exhausted his state remedies. *Stevens v. Zant*, 580 FSupp. 322 (S. D. Ga. 1984).

Stevens then filed the present petition for writ of habeas corpus. As noted by the superior court in this habeas proceeding, Stevens raises two basic issues herein: First, Stevens alleges ineffective assistance of trial counsel. Second, he alleges that his death sentence is unconstitutional under the United States Supreme Court's decision in *Enmund v. Florida*, 458 U. S. 782 (102 SC 3368, 73 LE2d 1140) (1982).

The superior court ruled that the petitioner's ineffective-assistance-of-counsel claim was raised in his first state habeas proceeding; therefore, the denial of habeas relief on this ground was found to be res judicata. *Turner v. Balkcom*, 219 Ga. 48 (131 SE2d 563) (1963). The superior court further ruled that what *Enmund v. Florida*, supra, prohibits is the imposition of the death penalty upon a defendant "who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." *Enmund v. Florida*, 458 U. S., supra at p. 797; *Allen v. State*, 253 Ga. 390, 395 (7) (321 SE2d 710) (1984). The superior court found that this court has previously held that the petitioner was an active participant in all the offenses culminating in the murder. *Stevens v. State*, 245 Ga., supra at p. 586. Therefore, the superior court concluded that *Enmund* is inapplicable here. Accordingly, the petition was dismissed as being successive. OCGA § 9-14-51; *Smith v. Zant*, 250 Ga. 645, 647 (301 SE2d 32) (1983).

We granted Stevens' application for certificate of probable cause to appeal. For reasons which follow, we affirm the denial of habeas

relief but hold that the petition is not subject to dismissal.

1. As recognized by the superior court, the rule is that all grounds for habeas relief must be raised in the first habeas petition, and thus cannot be raised in a successive petition, unless: (1) the grounds are constitutionally nonwaivable, or (2) the grounds could not reasonably have been raised in the first petition. OCGA § 9-14-51, supra; *Smith v. Zant*, supra. As indicated by *Hammock v. Zant*, 243 Ga. 259, 260 (n. 1) (253 SE2d 727) (1979), the rule of res judicata in habeas corpus proceedings is rendered inapplicable where the grounds for relief are based on a change in the law occurring subsequent to the prior habeas proceeding.

2. Here, the appellant does not challenge the finding that his ineffective-assistance-of-counsel claims were ruled on in his original habeas petition. However, he argues that he should be allowed to relitigate these issues, because in the first state habeas proceeding the superior court denied him a full and fair hearing on the merits of these claims.

We disagree that this allows him to relitigate these issues in a successive habeas proceeding. If, in his first habeas proceeding, the appellant was denied a full and fair hearing on these claims, he could have raised this complaint in his application for certificate of probable cause to appeal. Whether he did or not, his application to appeal the denial of the first petition was itself denied; therefore, the denial of these grounds for relief is now res judicata.

3. Pretermitting the question of whether the appellant's *Enmund* claim can even be asserted in this successive habeas proceeding, we hold that this claim is, in any event, nonmeritorious.

What *Enmund v. Florida*, supra, holds is that the Eighth Amendment prohibits imposition of the death penalty upon a defendant "who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed."

The murder in this case is one of the most vicious to have come before this court. The evidence introduced against the appellant clearly establishes that the idea to kill the victim originated with him, that he directly committed the offenses of robbery and sodomy against the victim, and that he directly aided and abetted in the victim's murder. It follows ineluctably that he intended to kill the victim.

However, the appellant's *Enmund* claim is based on the fact that the trial court in the guilt-innocence phase charged the jury that it could find the appellant guilty of murder on theories of conspiracy to murder and felony murder, as well as malice murder. The jury returned a verdict that the appellant was guilty of murder without specifying under which theory it had found.

For the purpose of determining whether a conviction for the underlying felony merges into the murder conviction, we have held that where the jury does not specify whether it has found the defendant guilty of felony murder or malice murder, the verdict must be interpreted as one of felony murder and the underlying felony conviction does so merge. *Burke v. State*, 248 Ga. 124 (1) (281 SE2d 607) (1981) and cits.

However, we have also held that although "resolution of an *Enmund* issue is not facilitated by the practice of allowing a general verdict of guilty in a case in which both malice murder and felony murder are charged to the jury . . . [t]he result in *Enmund v. Florida* does not turn on the mere fact that Enmund was convicted of felony murder." *Allen v. State*, 253 Ga., supra at 395, n. 3.[1]

Therefore, we hold that the appellant's *Enmund* claim is not meritorious.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 14, 1985 —
REHEARING DENIED MARCH 28, 1985.

*Batson & Shurtleff, John P. Batson, Arnold & Porter, Daniel A. Rezneck, James X. Dempsey, Steven G. Reade, Edward L. Wolf,* for appellant.

*Michael J. Bowers, Attorney General, William B. Hill, Jr., Senior Assistant Attorney General,* for appellee.

[1] In *Jones v. Thigpen*, 741 F2d 805 (5) (5th Cir. 1984), two judges on the three-judge federal Court of Appeals' panel held that *Enmund* requires that the jury be instructed to find that the defendant himself killed, attempted to kill, or intended to kill, and that such finding be supported by the evidence. One judge concurred specially, on the ground that *Enmund* only requires evidence that the defendant himself killed, attempted to take life, or intended to take life. We agree with the special concurrence.