**Henry Lee McCOY, Petitioner,**

v.

**Lanson NEWSOME, Respondent.**

**Civ. A. No. 85–30–VAL.**

United States District Court,
M.D. Georgia,
Valdosta Division.

Jan. 23, 1986.

Henry Lee McCoy, pro se.

Susan V. Boleyn, Atlanta, Ga., for respondent.

### ORDER

OWENS, Chief Judge.

Henry Lee McCoy, who is confined in the Georgia State Prison in Reidsville, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254. He challenges his 1982 conviction in the Superior Court of Tift County, Georgia. Petitioner raises eleven grounds of error:

(1) denial of the right to fully present his habeas corpus claims in the state courts;

(2) his attorney's refusal to strike three jurors after petitioner requested his attorney to do so;

(3) his attorney's refusal to subpoena seven witnesses whom petitioner asked his attorney to subpoena;

(4) trial court's refusal to suppress a statement that was unconstitutionally obtained and his attorney's failure to submit evidence on involuntariness of the statement;

(5) ineffective assistance of counsel at trial;

(6) trial court incorrectly charged the jury on the recidivist count of the indictment;

(7) insufficient evidence to sustain the conviction on the recidivist count and obtaining the conviction on the recidivist count without first obtaining an indictment from the grand jury;

(8) trial court improperly admitted into evidence copies of petitioner's prior felony convictions and sentences;

(9) unconstitutional indictment on the recidivist count;

(10) denial of the right to appellate review of his conviction because of an incomplete trial transcript; and

(11) ineffective assistance of counsel on appeal in that his appointed counsel withdrew from the case on appeal.

The respondent has filed a motion to dismiss the petition on the ground that petitioner failed to exhaust state remedies as to some of his allegations of error. Federal law states that an application for a writ of habeas corpus shall be denied unless the applicant has exhausted the available state remedies. 28 U.S.C.A. § 2254(b) (West 1977). Furthermore, a petition that contains both exhausted and unexhausted claims must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). The issue before the court, therefore, is whether any of petitioner's allegations of error have not been exhausted in the Georgia state courts.

Petitioner was represented at trial by a court-appointed attorney, David E. Perry. The attorney filed a timely notice of appeal on petitioner's behalf in the Court of Appeals of Georgia. The attorney subsequently filed a motion to withdraw as counsel under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The *Anders* Court set forth the procedure that a court-appointed attorney must follow in the first appeal from a criminal conviction when the attorney has determined that there is no merit to the appeal:

[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; *the court—not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.* If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498 (emphasis added).

The Court of Appeals of Georgia granted the attorney's motion to withdraw and affirmed the conviction. *McCoy v. State,* 168 Ga.App. 598, 310 S.E.2d 2 (1983). In so ruling, the state court noted: "After considering the points raised in the brief *and conducting a thorough examination of the record and transcript to determine independently whether there is any ground for reversal,* we are in agreement with counsel that there is no arguable merit to the appeal." *Id.* at 598, 310 S.E.2d at 3 (emphasis added).

The state courts have thus had the opportunity to review all petitioner's claims arising from his trial. *See Stevens v. Zant,* 580 F.Supp. 322, 325 (S.D.Ga.1984). All those claims have therefore been exhausted as required by 28 U.S.C.A. § 2254(b) (West 1977).

However, one of petitioner's allegations of error occurred subsequent to the Court of Appeals' decision. In ground one, petitioner claims that he was denied the right to fully present his habeas corpus claims in the state courts. The habeas corpus petition at issue in ground one was filed subsequent to the Court of Appeals' decision affirming petitioner's conviction on direct appeal. Therefore, the Court of Appeals did not have the opportunity to consider that issue under *Anders.* This issue was not properly raised by petitioner before any state court. Ground one has therefore not been exhausted.

Petitioner has the choice of returning to state court to exhaust his first claim or of resubmitting the petition for a writ of habeas corpus to present only the exhausted claims to the court. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). Petitioner is hereby GRANTED thirty days to notify the court of his election.